IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CARL THOMPSON,<br><br>            Plaintiff,<br><br>vs.<br><br>PATRICK KEOHANE, *et al.*,<br><br>           Defendants. | Case No. 3:91-cv-00171-JWS<br><br>**ORDER AND OPINION**<br>**(Re: Motion at Docket 101)** |

## I. MATTER PRESENTED

At docket 101, plaintiff Carl Thompson (hereinafter "Thompson") moves to set aside this court's judgment denying his petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2254. This court's judgment was filed on February 12, 1997. The pending motion was filed on July 27, 2021, more than 24 years after the judgment was filed.

## II. BACKGROUND

Thompson was indicted on two charges, first degree murder and evidence tampering relating to the killing of his ex-wife, Dixie Gutman. In April 1987, Thompson was tried in the Superior Court for the State of Alaska at Fairbanks. He was convicted on both counts. Thompson was sentenced to a term of 99 years of

incarceration on the first degree murder charge, and 5 years on the evidence tampering charge.[1]

The evidence against Thompson included a confession which his lawyer argued was involuntary, having been made while Thompson was in custody and without the benefit of a *Miranda* warning. Counsel was appointed to represent Thompson on direct appeal of his conviction. The Alaska Court of Appeals affirmed the conviction. The Alaska Supreme Court declined to consider the case.

In 1991, Thompson's lawyer filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The issue presented was the validity of Thompson's confession. In 1993, this court denied Thompson's petition. That decision was affirmed by the Ninth Circuit. Both courts held that the state court's determination that the confession was voluntary was entitled to the statutory presumption of correctness. Thompson secured review in the United States Supreme Court. In *Thompson v. Keohane*,[2] the Supreme Court ruled that it was error to accord the state court's determination a presumption of correctness. Instead, the Supreme Court held that whether the confession was voluntary was a mixed question of fact and law requiring independent review by the federal habeas court. Thompson's petition, therefore, was remanded to this court for independent review. After conducting an independent review, this court again denied Thompson's petition.

---

[1] The trial court imposed the 5 year sentence to run consecutively to the 99 year sentence, but the Alaska Court of Appeals later remanded the matter to the trial court for the limited purpose of making the 5 year sentence concurrent with 99 year sentence.

[2] 516 U.S. 99 (1995).

*Thompson v. Keohane, et al.*                Case No. 3:91-cv-00171-JWS
Order and Opinion (Re: Motion at Docket 101)        Page 2
Case 3:91-cv-00171-JWS    Document 105    Filed 08/05/21    Page 2 of 4

## III. DISCUSSION

Thompson relies on Fed. R. Civ. P. 60(b). That rule lists six grounds that may support relief. Rule 60(c) establishes time limits which apply to motions made under Rule 60(b). Motions based on mistake, newly discovered evidence, and fraud must be brought within a year after the entry of judgment. Motions based on other grounds must be brought "within a reasonable time."

Thompson was represented by competent counsel at every step of his petition's procedural history. The pending motion relies on materials made available to his counsel and to Thompson personally prior to the end of 1996.[3] Thompson argues that the judgment in this case is void because perjury by the law enforcement officers at the evidentiary hearing denied him due process of law and renders the court's judgment void. Yet, this argument was available to Thompson and his counsel prior to the entry of judgment. Thompson offers not a scintilla of evidence that was not available to him prior to judgment. In essence, Thompson is now speculating that the officer's testimony was perjured as to a material point. The current motion is no more than a rehash of arguments made by counsel years ago with Thompson's dollop of perjury speculation added on top. A review of the record establishes that this court's judgment is not void.

Thompson's motion offers no explanation why it was filed more than 24 years after judgment was entered. While this court has not found any case comparable

---

[3] Declaration of Carl K. Thompson, docket 103.

Thompson v. Keohane, et al.  
Order and Opinion (Re: Motion at Docket 101)  
Case No. 3:91-cv-00171-JWS  
Page 3  
Case 3:91-cv-00171-JWS   Document 105   Filed 08/05/21   Page 3 of 4

to this one in terms of the passage of time, the Supreme Court has noted that "Rule 60(b)(4) does not provide a license for litigants to sleep on their rights."[4] Here, where there is nothing new of any substance to support Thompson's Rule 60(b) motion, and the judgment clearly is not void, this court finds that filing the motion more than 24 years after the judgment is unreasonable.

### IV. CONCLUSION

In sum, this court finds that Thompson's Rule 60(b) lacks merit and that it also is untimely. The motion at docket 101 is DENIED.

IT IS SO ORDERED this 5th day of August, 2021, at Anchorage, Alaska.

*/s/ John W. Sedwick*
JOHN W. SEDWICK
Senior United States District Judge

---

[4] *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 275 (2010).

*Thompson v. Keohane, et al.*  Case No. 3:91-cv-00171-JWS
Order and Opinion (Re: Motion at Docket 101)  Page 4
Case 3:91-cv-00171-JWS   Document 105   Filed 08/05/21   Page 4 of 4